IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM STEPHEN SOLESBEE, )<br>Plaintiff, )<br>vs. )<br>)<br>JOHN D. NATION, et al., )<br>Defendants. ) | No. 3:06-CV-0333-D (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

SUPPLEMENTAL
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Re-reference dated April 25, 2007, subject cause has previously been referred to the United States Magistrate Judge. The supplemental findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

In February 2006, plaintiff filed his original complaint against his former defense attorney, John D. Nation, several witnesses who testified at his federal criminal trial in this Court (Cause No. 3:01-CR-0027-R), and two corporations who had representatives who testified against him. He sought monetary damages against his former defense attorney for alleged ineffective assistance of counsel at his criminal trial. He sought monetary damages against the other defendants for alleged perjured testimony given at his trial.

On February 26, 2007, the Court issued Findings, Conclusions, and Recommendation (FCR) in which it liberally construed plaintiff's original complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although it recognized that *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to such claims and might provide a means to dismiss this action to some extent, the Court proceeded to plaintiff's specific claims. It found that

the claims necessarily fail because no defendant appeared to be a federal actor or agent and because witnesses who testify at trial enjoy absolute immunity from liability and recommended that the District Court summarily dismiss plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff thereafter filed objections to the FCR in which he argues that the Court misconstrued his complaint as raising claims under *Bivens*, adamantly contending that he did not intend to pursue claims under *Bivens*. He claims that an alleged "violation of his constitutional rights is itself a question of law sufficient to confer federal jurisdiction", and that because he had a constitutional right under the Confrontation Clause of the Sixth Amendment to cross-examine his accusers and to obtain truthful testimony, the action should not be dismissed against the witness defendants. He asserts that perjury "creates an exception to the notion that witnesses enjoy absolute immunity from liability." With respect to his former defense attorney, he argues that he had the constitutional right to effective assistance of counsel, and thus the action should not be dismissed against him. Lastly, plaintiff objects to the recommended dismissal with prejudice because such dismissal "could effectively deny [him] his only available remedy for the wrongs he has suffered from the ineffective assistance of counsel, and from malicious prosecution by the other named defendants." He concludes his objections with a request to amend to clarify his cause of action and to include a claim of malicious prosecution.

The District Court thereafter re-referred this action for consideration of the request to amend and such further proceedings as are necessary under the circumstances of this case. On October 5, 2007, the Court granted plaintiff twenty days to file an amended complaint and granted a twenty-day extension on October 19, 2007. On November 8, 2007, plaintiff filed an amended

2

complaint wherein he (1) "realleges all of his representations made in the original complaint", by reference to such complaint; (2) adds a claim against his civil attorney, Earnest Laun, for allegedly testifying dishonestly by concealing facts related to his representation of plaintiff; and (3) adds a claim of malicious prosecution against all defendants except for attorneys Nation and Laun.

Because plaintiff reasserts the claims made in his original complaint, his amended complaint does not of itself alter the findings, conclusions, and recommendation (FCR) entered on February 26, 2007. Accordingly, the new claim against Laun, the claim of malicious prosecution, and the objections to the original FCR are addressed by way of supplemental findings.

## II. NEW CLAIMS

### A. Dishonest Testimony by Laun

Plaintiff's new claim against his civil attorney, Laun, necessarily fails under *Bivens* because Laun is not a federal actor.

In the original FCR, the Court recognized that a defense attorney and witnesses in a federal criminal action do not qualify as federal actors, and that a private employer of a witness in a federal criminal action likewise does not qualify as a federal actor. Although the Court recognized that private parties may be held liable in certain circumstances under 42 U.S.C. § 1983, it found no such liability available in this case because (1) the Supreme Court has specifically declined to extend *Bivens* to confer a right of action for damages against private entities acting under color of federal law; (2) liability under a theory of respondeat superior is not available in a *Bivens* action; and (3) plaintiff has made no allegation sufficient to impose liability on any private individual. The Court specifically found that plaintiff had alleged no conspiracy between any defendant and a federal actor to commit an illegal act to deprive him of his constitutional rights and that no individual defendant

3

performed a function within the exclusive province of the government or that any nexus existed between the government and any defendant's actions such that the action is fairly attributed to the federal government.

For the same reasons, plaintiff's new claim against Laun fails to state a claim under *Bivens*. Laun is not a federal actor. Additionally, as plaintiff's former civil attorney and a witness in the federal criminal action against plaintiff, Laun did not perform a function that is traditionally the exclusive province of the government. Further, there is no nexus between the federal government and the actions of Laun such that his actions are fairly attributable to the government.

## B. Malicious Prosecution

Because plaintiff has asserted no claim against any federal actor, his claims of malicious prosecution necessarily fail to state a claim under *Bivens*. Additionally, "plaintiffs no longer allege a constitutional violation by satisfying the state law elements of malicious prosecution alone" – they must rest their claims upon a denial of rights secured under federal law. *Izen v. Catalina*, 398 F.3d 363, 366 (5th Cir. 2005) (per curiam) (*Bivens* action); *accord Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc) (action under 42 U.S.C. § 1983). In this case, plaintiff has not satisfied the state law elements. To succeed on a claim of malicious prosecution under Texas law, plaintiff must show:

> (1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff.

*Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994); *accord Bass v. Metzger*, 569 S.W.2d 917, 924 (Tex. Civ. App. 1978).

In this instance, the prosecution against plaintiff terminated with his conviction on twelve of thirteen counts against him.[1] Although plaintiff has successfully vacated Counts 8 and 11, *see United States v. Solesbee*, 157 Fed. App'x 698, 699 (5th Cir. 2005) (reversing conviction for bank fraud contained within Count 11 of indictment for reasons stated in *United States v. Solesbee*, 94 Fed. App'x 207, 217 (5th Cir. 2004), *i.e.*, the government failed to provide proof that Bank One was a federally-insured institution; *United States v. Solesbee*, Nos. 01-CR-0027-R, 3:06-CV-2068-R (N.D. Tex.) (order of Jan. 29, 2007, granting motion to vacate with respect to Count 8 of the indictment because his attorney provided ineffective assistance by failing to move to dismiss that count for improper venue), the criminal action certainly did not terminate in plaintiff's favor. Despite his post-conviction success on two counts, plaintiff was found guilty by a jury, he served five years in prison, and ten of the thirteen counts against him remain valid. Under such facts, plaintiff cannot satisfy elements three and four listed above. Consequently, plaintiff cannot succeed on his malicious prosecution claim even under state law.

### III. OBJECTIONS

Within his objections, plaintiff emphasizes that he does not pursue this action under *Bivens*.[2] He contends that an alleged "violation of his constitutional rights is itself a question of law sufficient to confer federal jurisdiction" based on *Bell v. Hood*, 327 U.S. 678, 683-85 (1946).

---

[1] The court dismissed Count 9 on the government's motion at trial.

[2] Plaintiff's sixty-four page complaint did not specify that the action arose under *Bivens* or that the defendants constitute federal actors. His claim that the action arose exclusively from a "federal proceeding", however, supported a liberal construction that the action arose under *Bivens* in order to provide an arguable premise for federal jurisdiction. When there is "the potential for [a] private cause of action", the Court appropriately finds jurisdiction, "and proceeds to consider the claims on the merits." *Canfield v. Baylor Med. Ctr.*, No. 3:05-CV-1828-D, 2006 WL 2460554, at *4 (N.D. Tex. Aug. 23, 2006) (amended findings, conclusions, and recommendation accepted by District Court) (citing *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985)).

5

*Bell* recognized the potential for a cause of action arising under the Constitution against federal actors who allegedly violated the Fourth Amendment. *Bivens* turned that potential into reality. *See Bivens*, 403 U.S. at 389 (noting that *Bell* "reserved the question whether violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct", and answering that question in the affirmative). Plaintiff appears to assert that *Bell* also creates a federal cause of action for alleged violations of the Constitution by non-federal individuals and entities.

Although federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States", *see* 28 U.S.C. § 1331, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution", *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). When a plaintiff specifically invokes the United States Constitution as authorization for his suit, he is in effect asking the court to devise a *Bivens*-like remedy for the alleged constitutional violation. *See Wilkie v. Robbins*, 127 S. Ct. 2588, 2597 (2007).

While the Supreme Court has thrice recognized "nonstatutory damages remedies" against federal actors, *see Bivens*; *Davis v. Passman*, 442 U.S. 228 (1979); and *Carlson v. Green*, 446 U.S. 14 (1980), it has also noted that it has

> held that any freestanding damages remedy for a claimed constitutional violation has to represent a judgment about the best way to implement a constitutional guarantee; it is not an automatic entitlement no matter what other means there may be to vindicate a protected interest, and in most instances we have found a *Bivens* remedy unjustified.

127 S. Ct. at 2597. It further noted more recent decisions which refused to apply a *Bivens* remedy in the context of alleged First Amendment violations, harm to military personnel, and wrongful

denials of Social Security benefits, and refused to extend *Bivens* to claims against federal agencies or private prisons. *Id.* at 2597-98.

> In 30 years of *Bivens* jurisprudence, the Court has extended its holding only twice, to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, and to provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct. Where such circumstances are not present, the Court has consistently rejected invitations to extend *Bivens*, often for reasons that foreclose its extension here.

*Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 61-62 (2001) (citations omitted).

There is no reason to devise a *Bivens*-like cause of action for alleged constitutional violations by the non-governmental defendants in this case. First, the Supreme Court has declined to extend a *Bivens* remedy other than against individual, federal actors. Plaintiff concedes that he sues no federal actor in this case.

Second, plaintiff asserts two alleged constitutional violations, one of which is clearly premised on a faulty view of the law. Plaintiff contends that perjury by the witnesses presented against him in his federal criminal trial violates his right to confront the witnesses. However, the Confrontation Clause does not guarantee the absence of perjury; it "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish", *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)) (emphasis in original). Plaintiff has shown no violation of the Confrontation Clause. In any event, because alleged perjured testimony does not defeat the absolute immunity accorded to witnesses who testify at trial, *see Briscoe v. LaHue*, 460 U.S. 325, 341-42 (1983) (rejecting argument that the Court "should carve out an exception to the general rule of immunity in cases of alleged perjury by police officer witnesses"), the alleged constitutional violation

7

would entitle plaintiff to no relief even if the perjury constituted a violation of the Confrontation Clause.

Third, state law provides an avenue to vindicate plaintiff's interest in effective assistance of counsel during his criminal trial, although like a *Bivens* action, such avenue is contingent on plaintiff "establish[ing] his innocence by direct appeal, post-conviction relief, or other legal proceedings." *Owens v. Harmon*, 28 S.W.3d 177, 179 (Tex. App. – Texarkana 2000, pet. denied); *accord Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex.1995). This alternative, existing process adequately protects plaintiff's interest in receiving effective assistance of counsel. *See Wilkie*, 127 S. Ct. at 2598 (holding that, before recognizing a new *Bivens* remedy, the courts must first determine "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages").

Fourth, when the Court weighs the "reasons for and against the creation of a new cause of action", *see id.* at 2600, the scales favor restraint in this case. As already mentioned, plaintiff has at least as much recourse in the state courts for his claimed ineffective assistance of counsel; his claimed Confrontation violation is premised on a faulty view of the law; the witness defendants are protected by absolute immunity; and the named defendants are all non-governmental individuals or entities. In addition, state law provides a specific cause of action for malicious prosecution and for a suit against plaintiff's former civil attorney, Laun. All of these matters weigh against the creation of a new cause of action. Plaintiff, on the other hand, has provided no adequate reason for creating a cause of action against non-governmental defendants that arises directly under the Constitution.

For all of these reasons, devising a freestanding damages remedy for plaintiff's alleged constitutional violations is not warranted. In the absence of a freestanding damages remedy, which

8

provides an appropriate basis for relief in this federal action, plaintiff has stated no claim that entitles him to relief. The Court appropriately proceeds to determine the merits of the asserted claims when the allegations of the complaint provide the potential for a private cause of action, as is the case here. That plaintiff has been ultimately unsuccessful in devising a freestanding damages remedy against non-governmental defendants or in proceeding under *Bivens* does not alter the ultimate recommendation in the original FCR. Plaintiff has presented no objection that affects the ultimate outcome in this case. The Court should summarily dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

## IV. RECOMMENDATION

For the reasons stated herein and in the original Findings, Conclusions, and Recommendation entered in this case, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Because plaintiff commenced this action while incarcerated in the federal prison system, such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[3] Although Plaintiff objects to a dismissal with prejudice because such dismissal "could effectively deny [him] his only available remedy for the wrongs he has suffered from the ineffective assistance of counsel, and from malicious prosecution by the other named defendants", he maintains that the Court has jurisdiction over this case. By stating a potential action that arises directly under the Constitution, either under *Bivens* or otherwise, plaintiff's allegations are sufficient to avoid a jurisdictional dismissal which would have resulted in a dismissal without prejudice. Furthermore, although the Court recognizes that claims based on state law are often dismissed without prejudice by declining to exercise supplemental jurisdiction over them after dismissing all federal claims, plaintiff does not specifically raise any claim based upon state law or affirmatively ask the Court to exercise supplemental jurisdiction. The Court, moreover, has already noted that plaintiff's malicious prosecution claim would fail under state law; he cannot succeed on a state claim against his criminal trial attorney for ineffective assistance of counsel until he establishes his innocence; and the witness defendants, including Laun, would be protected by absolute immunity at the state level. Consequently, plaintiff's claims appear meritless even under state law.

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

**SIGNED this 15th day of November, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.