IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM STEPHEN SOLESBEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0333-D |
| VS. | § | |
| | § | |
| JOHN D. NATION, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

After making an independent review of the pleadings, files, and records in this case, the February 26, 2007 findings, conclusions, and recommendation of the magistrate judge, the November 15, 2007 supplemental findings, conclusions, and recommendation of the magistrate judge, and the objections of plaintiff William Stephen Solesbee ("Solesbee"), the court concludes that the findings and conclusions, as supplemented, are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

Although the magistrate judge's original and supplemental findings, conclusions, and recommendations do not require elaboration, it bears emphasizing that Solesbee's lawsuit is of necessity a *Bivens* action. The Constitution does not itself provide a private civil remedy for a person whose constitutional rights have been violated. When a *state* actor is involved, 42 U.S.C. § 1983 provides the remedial mechanism. When a *federal* actor is involved, a *Bivens* action provides such a remedy in limited circumstances. But Solesbee cannot obtain *Bivens* relief because none of the defendants is a federal actor or has allegedly engaged in conduct that would subject the person to liability as a coconspirator with a federal actor. Regarding Solesbee's criminal lawyer (a criminal lawyer is rarely considered a federal actor due to his role as *defense* counsel), the usual

remedy is through a suit for legal malpractice. That is a claim that is based on state law, not federal law, and is litigated in state court unless, unlike here, there is diversity jurisdiction. And with respect to the several defendants who are sued based on their conduct as trial witnesses, even if they did qualify as federal actors, they are entitled absolute immunity from liability.

In sum, the magistrate judge correctly recommends that this lawsuit be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

January 29, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE